IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL #965 HEALTH BENEFIT PLAN, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 965 ANNUITY FUND, OPERATING ENGINEERS LOCAL 965 APPRENTICE TRAINING AND RETRAINING FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS 965 POLITICAL EDUCATION FUND, AND INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 965, | |
| Plaintiffs, | |
| v. | No.   21-3153 |
| VCNA PRAIRIE, LLC | |
| Defendant. | |

## COMPLAINT

NOW COMES plaintiffs, OPERATING ENGINEERS LOCAL #965 HEALTH BENEFIT PLAN *et al*., by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendant, VCNA PRAIRIE, LLC, and allege as follows:

### Jurisdiction

1.  This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"); and the Labor

Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA").

2. This court has jurisdiction over this case because federal district courts have exclusive jurisdiction under ERISA over civil cases like the present action. (*See* 29 U.S.C. §1132).

## Venue

3. Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

4. Venue is proper in this court because the plaintiff, Operating Engineers Local 965 Health Benefit Plan, is administered in Sangamon County, Illinois, which is located within the judicial district of the district court for the Central District of Illinois, Springfield division.

## Parties

5. Plaintiff, Operating Engineers Local #965 Health Benefit Plan, is a multi-employer employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA and is administered pursuant to the terms and provisions of a restated agreement and declaration of trust, a copy of pertinent parts of which is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

6. Plaintiff, International Union of Operating Engineers Local Union 965 Annuity Fund, is a multi-employer employee benefit fund administered pursuant to the terms and provisions of a declaration of trust, as amended, a copy of pertinent parts of which is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

7. Plaintiff, Operating Engineers Local 965 Apprentice Training and Retraining Fund, is a multi-employer employee benefit fund administered pursuant to the terms and provisions of a declaration of trust, as amended a copy of pertinent parts of which is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

8. Plaintiff, Operating Engineers Local #965 Health Benefit Plan, is the point of collection and collection agent for and authorized to act and file suit on behalf of the other affiliated named plaintiffs, which are either employee benefit funds, labor organizations, labor-management committees, and/or funds established pursuant to collective bargaining agreements between International Union of Operating Engineers Local Union 965, AFL-CIO (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union, to collect employer contributions and other amounts owed to these plaintiffs.

9. Defendant is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Bridgeview, Illinois.

10. Defendant is a supplier of concrete and other fill materials to construction sites and projects.

11. Defendant is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

**Factual Allegations**

12. Defendant is a party to a collective bargaining agreement covering the period of May 1, 2013 through April 30, 2019, through its execution of an adoption agreement with the Union on September 9, 2016, a copy of which is attached hereto as Exhibit "D" and is fully

incorporated herein and made a part hereof by this reference.

13. Pursuant to the adoption agreement, defendant is bound by all extensions and subsequent collective bargaining agreements unless the defendant gives notice to the Union in writing by certified mail between one hundred twenty (120) and one hundred fifty (150) days prior to the expiration of the collective bargaining agreement or any subsequent collective bargaining agreement of its intent not to be bound by the collective bargaining.

14. Defendant has not notified the Union of its intent to not be bound by the collective bargaining agreement or any extensions or subsequent collective bargaining agreement.

15. Under the provisions of the adoption agreement, defendant is bound by the subsequent collective bargaining agreement with the Union covering the period of May 1, 2019 through April 30, 2022, a copy of which is attached hereto as Exhibit "E" and is fully incorporated herein and made a part hereof by this reference.

16. At all relevant times, defendant has employed individuals who have performed hours of work covered under the collective bargaining agreement.

17. Pursuant §1145 of ERISA, the defendant is required to pay fringe benefit contributions to the plaintiffs in accordance with the terms and conditions of the plaintiffs' trust agreements. *See* 29 U.S.C. §1145.

18. Defendant is required under the collective bargaining agreements and trust agreements to provide plaintiffs with written reports each month detailing hours worked by its employees and the contributions that are owed to plaintiffs (the "remittance reports").

19. Pursuant to the trust agreements and ERISA, plaintiffs have the right to examine

the payroll books and employment records of the defendant in connection with the proper administration of the plaintiffs' respective trust funds to confirm the accuracy of defendant's reporting of hours worked by its employees and to determine whether the defendant has paid plaintiffs all fringe benefit contributions owed.

20. Plaintiffs exercised this right and requested that defendant provide access to its payroll and employment records for purposes of an audit ("audit").

21. In response to plaintiffs' request for an audit, Defendant contacted plaintiffs' auditor and provided plaintiffs' auditor with some, but not all payroll and employment records necessary to complete the audit.

22. Plaintiffs demanded that defendant contact plaintiffs' auditor and provide certain other payroll and employment records necessary to complete the audit (see plaintiffs' demand letter, a copy of which is attached hereto as Exhibit "F" and is fully incorporated herein and made a part hereof by this reference).

23. Despite plaintiffs' demand, defendant failed to contact plaintiffs' auditor and provide certain other requested payroll and employment records that were necessary to complete the audit.

24. Defendant's refusal to fully cooperate with the plaintiffs' request for an audit constitutes a breach of the provisions of the relevant trust agreements and the provisions of ERISA.

25. To the extent unpaid fringe benefit contributions or other amounts are determined to be owed to plaintiffs under the audit, defendant breached the provisions of the collective bargaining agreement and trust agreements by underpaying the fringe benefit contributions or

other amounts that were owed to the plaintiffs for wages earned and hours of work performed by its employees.

26. Pursuant to the terms of the respective trust agreements and to the extent provided for under ERISA, the defendant is liable for interest, liquidated damages, audit costs, reasonable attorneys' fees, court costs and all other reasonable expenses incurred by plaintiffs in this matter.

WHEREFORE, plaintiffs pray as follows:

A. That defendant is ordered to provide and/or make available to plaintiffs or their auditor, all of such other and additional payroll and employment records that are necessary for plaintiffs to complete the audit;

B. That plaintiffs are granted leave of Court to file supplemental proofs establishing the judgment sum for fringe benefit contributions and other amounts determined to be due to the plaintiffs as determined by the audit, as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which plaintiffs are entitled to pursuant to the trust agreement and under ERISA;

C. That judgment is entered in favor of plaintiffs and against defendant for all fringe benefit contributions, dues, interest, liquidated damages, and other amounts owed to plaintiffs as determined by the audit or otherwise;

D. That defendant be decreed to pay to the plaintiffs all such known monies determined to be due and owing to plaintiffs at the time judgment is entered, including without limitation fringe benefit contributions, liquidated damages, interest, and audit costs;

E. That defendant is decreed to pay to the plaintiffs their reasonable attorneys' fees

and costs, as may be provided by the collective bargaining agreement, the trust agreements, and ERISA (29 U.S.C. Section 1132(g)(2));

  F. That defendant is decreed to pay all costs attendant to these proceedings;

  G. That plaintiffs are awarded, at defendant's cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreements or as is otherwise just and equitable.

          OPERATING ENGINEERS LOCAL #965
          HEALTH BENEFIT PLAN *et al.*, Plaintiffs,

        By: s/ John P. Leahy
          JOHN P. LEAHY
          CAVANAGH & O'HARA LLP
          Attorneys for Plaintiffs
          2319 West Jefferson Street
          Springfield, IL 62702
          (217) 544-1771 – Telephone
          (217) 544-9894 – Facsimile
          johnleahy@cavanagh-ohara.com